

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Affirmed by C-322

Hon. V. B. Goar
County Attorney
Blanco County
Johnson City, Texas

Dear Sir:

Opinion No. 0-2094
Re: Reconsideration of Opinion 0-1844.

This will acknowledge receipt of your letter of March 16, 1940, requesting that this department reconsider opinion No. 0-1844.

Your letter reads as follows:

"On January 11, 1940, I wrote your department for a ruling on the following:

"There is about $2400.00 in the Blanco County Special Road Fund, which is maintained by five cent tax per hundred dollars per annum.

"There is about $1900.00 in said fund, after the payment of a $500.00 bond, and interest is paid. This tax was voted by the citizens of the entire County of Blanco.

"Road Precinct No. three, which embraces the same territory as Commissioner's Precinct No. Three, desires to use --- $1500.00 of this fund to build and maintain County Road in Precinct No. Three.

"The department passed on this question for me as shown in your letter dated Feb. 6, 1940. The County Commissioner of Precinct No. 3 does not think that your ruling is correct,

**NO** COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

441

Ho . Y. B. Goar, Page 2 -

as he has been advised by private counsel
that it is not correct, and that the County
Commissioner's Court has the right to use a
part of said money in Commissioner's Precinct
No. three for building and maintaining roads
therein.

"I am sending you herewith a copy of the
order of the Commissioners Court on November
12th, 1930 in this matter, in which said elec-
tion was held and notice thereof given under
the provisions of Sec. 9, Art. 8 of the Con-
stitution of the State of Texas, and article
6790, Chapter 4, Title 116, Revised Statutes
of 1925.

"Precinct No. three now has a project
proceeding in road building by W. P.A. and it
needs some money to assist in said project in
building said roads and maintaining them. The
question he wants answered is:

"Can the Commissioners Court of Blanco
legally permit the Commissioner of Precinct
No. three to use a part of this money in
the building of said roads in said pre-
cinct by the W.P.A. Project?

"This matter was passed on by Wm. J. Fan-
ning and Grundy Williams, your assistants,
formerly on Feb. 6, 1940.

"As you will see from the order dated
Nov. 12, 1930 that the purpose of this tax
was for building and maintaining the public
roads of said Blanco County, Texas, hence
the Commissioner of Precinct No. three wants
to know if he would be permitted to use a
part of said money in building and maintain-
ing roads of said precinct No. 3 under the
W. P. A. Project now in progress in said Pre-
cinct No. Three."

On Feb. 6, 1940, in our opinion No. O-1844, in

Hon. V. B. Goar, Page 3

answer to the following question:

"Can the Commissioners' Court of Blanco
County legally loan $1500.00 from the Blanco
County Special Right-of-Way Fund to Road Pre-
cinct No. 3?"

It was held that "the Commissioners' Court of Blanco
County cannot lawfully loan the $1500.00 taken from
the Blanco County Special Right-of-Way Fund to Road
Precinct No. 3". After carefully reconsidering the
above mentioned question and the facts as presented
therewith, we have concluded that opinion No. 0-1844
correctly answers the specific question stated above.
However, in asking for a reconsideration of this
opinion a different question is asked and additional
facts are presented, which were not considered in the
original opinion.

As stated in your letter, which is quoted
above, there is about $2400.00 in the Blanco County
Special Road Fund, which is maintained by a five cent
tax per hundred dollars per annum. There is now about
$1900.00 in said fund, after the payment of a $500.00
bond, and interest is paid. This tax was voted by
the citizens of the entire county of Blanco.

The question as now presented is as follows:

"Can the Commissioners Court of Blanco
legally permit the Commissioner of Precinct
No. three to use a part of this money in the
building of said roads in said precinct by
the W. P. A. Project?"

Section 9 of Article 8 of the State Constitu-
tion reads as follows:

"The State tax on property, exclusive of
the tax necessary to pay the public debt, and
of the taxes provided for the benefit of the
public free schools, shall never exceed thirty-
five cents on the one hundred dollars valuation;
and no county, city or town shall levy more

443

Hon. V. B. Goar, Page 4

then twenty-five cents for city or county
purposes, and not exceeding fifteen cents
for roads and bridges, and not exceeding fift
teen cents to pay jurors, on the one hundred
dollars valuation, except for the payment of
debts incurred prior to the adoption of the
amendment September 25th, 1883; and for the
erection of public buildings, streets, sewers,
water works and other permanent improvements,
not to exceed twenty-five cents on the one
hundred dollars valuation, in any one year,
and except as is in this Constitution otherwise
provided; and the Legislature may also author-
ize an additional annual ad valorem tax to be
levied and collected for the further maintenance
of public roads; provided, that a majority
of the qualified property tax-paying voters
of the county voting at an election to be held
for that purpose shall vote such tax, not to
exceed fifteen cents on the one hundred dollars
valuation of the property subject to taxation
in such county. And the Legislature may pass
local laws for the maintenance of the public
roads and highways, without the local notice
required for special or local laws. (Sec. 9,
Art. 8, adopted election November 6, 1906;
proclamation January 7, 1907.)"

Article 6790, Vernon's Annotated Civil Stat-
utes reads as follows:

"The commissioners court shall order an
election upon presentation to it at any regu-
lar session of a petition signed by two hundred
qualified voters and property tax payers of the
county, or a petition of fifty persons so qual-
ified in any political subdivision or defined
district of the county, requesting said court
to order an election to determine whether said
court shall levy upon the property within said
territory a road tax not to exceed fifteen cents
on the one hundred dollars worth of property,
under the provisions of the amendment of 1889
to the Constitution of the State of Texas,

444

Hon. V. B. Goar, Page 5

adopted in 1890. Said court may act on such petition without notice; and may make an order for such election, fixing the amount to be levied, not to exceed fifteen cents on the one hundred dollars, the election to take place at any time thereafter, not less than twenty nor more than ninety days from the date of making the order therefor. Upon a petition signed by a majority of the qualified tax paying voters of any portion of any county or of any political subdivision of any county, to said court requesting that such portion of said county or political subdivision shall be created as a defined district, the said court shall declare such territory a defined district and spread the order for same upon the minutes of said court; provided the petition aforesaid shall define by metes and bounds the territory desired to be so incorporated in such defined district."

The order of the commissioners' court bearing date of November 12, 1930, ordering an election to be held for the purpose of determining whether or not a special road tax of five cents on the one hundred dollars worth of property should be levied upon all the property of Blanco County, Texas, subject to taxation, for the purpose of building and maintaining the public roads in said county was held under the provisions of Section 9, Article 8 of the Constitution of Texas and Article 6790, and reads as follows:

"SPECIAL ROAD TAX ELECTION, November 12, 1930

"On this, the 12th day of November, A.D. 1930, this court being in regular session, with all members thereof being present, came on to be considered the petition of Wayne Smith and Two Hundred Seventy-three (273) others, re-property tax paying voters of Blanco County, Texas, praying that an election be held within and for Blanco County, Texas, to determine whether or not a special road tax of Five Cents on the One Hundred ($100.00) Dollars worth of property shall be levied upon all the property of Blanco

Hon. V. B. Goar, Page 6

County, Texas, subject to taxation, for the purpose of building and maintaining the public road in said Blanco County, Texas.

"And it appearing to the court that said petition is signed by the required number of property tax paying voters of said County; it is therefore ordered by the court that an election be held within and for said County, on the 6th day of December, A.D. 1930, which date is not less than twenty, nor more than ninety days from the date of said order to determine whether or not a special road tax of Five cents on the One Hundred ($100.) Dollars worth of property shall be levied upon all the property of Blanco County, Texas, subject to taxation for the purpose of building and maintaining the public roads in Blanco County, Texas. Said election shall be held and notice thereof given under the provisions of Sec. 9, Art. 8 of the Constitution of the State of Texas, and Art. 6790 Chapter 4, Title 116, Revised Statutes of 1925, and only qualified voters who are property tax payers be allowed to vote at said election.

"All voters desiring to support the proposition to levy said tax shall have written or printed on their ballots the words "For the Tax" and those opposed shall have written or printed on their ballots the words, "Against the Tax."

Said election shall be held at the usual voting places in said Blanco County, Texas, and the regular appointed and present acting officers of elections shall hold said election.

"The manner of holding said election shall be governed by the laws governing general elections in this State.

"A copy of this order signed by the County Judge of Blanco County, Texas, shall serve as a proper notice to be published in a newspaper

Hon. V. B. Goar, Page 7

published in said Blanco County, Texas, and
shall cause copies of said notice to be post-
ed at three public places in said county, one
of which shall be at the courthouse door
thereof."

As above stated, the purpose of the election
was to determine whether or not a special road tax of
five cents on the one hundred dollars worth of prop-
erty should be levied upon all the property of Blanco
County, Texas, subject to taxation for the purpose of
building and maintaining the public roads in Blanco
County, and said election resulted in the favor of
levying said tax.

The paragraph in the above quoted section of
the Constitution providing for the levying of a tax
not to exceed fifteen cents on the one hundred dollar
valuation of property relating to the maintenance of
public roads was not a part of the original section;
it was added by amendment in the year 1890 for the
evident purpose of conferring upon counties the power
to lay out, construct and maintain better systems of
public highways than they were able to do under the
restricted taxation before provided for. It would be
a narrow interpretation to hold that the people adopt-
ing this amendment to the Constitution had in view to
provide a fund to be used only in repairing roads
already laid out, instead of the evident and broader
policy to create a better and more extensive system of
public highways. The purpose of the Legislature in
making the amendment was to increase the capacity of
the county to maintain a system of public roads and
the word "maintenance" must be held to include all
the things necessary to be done to accomplish the
purpose. DALLAS COUNTY vs. PLOWMAN, 91 S. W. 222.

The above mentioned tax is levied by the coun-
ty for the general purpose of building and maintaining
the public roads of said county and is not restricted
to any particular road or portion of the county.

We are of the opinion that the tax money lev-
ied and collected for the general purpose of building

and maintaining the public roads in said county under the provisions of Section 9, Article 8 of the Constitution and Article 6790, may be expended by the county commissioners' court for the purpose of building and maintaining the public roads in said county as said court may in its discretion determine.

Therefore, you are respectfully advised that it is the opinion of this department that a part of the above mentioned money may be expended for the purpose of building and maintaining public roads in Precinct No. 3 as the commissioners' court may determine.

It is to be specifically understood that we are not passing upon the authority of said county to pay bonds and interest thereon out of the above mentioned fund.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ob

APPROVED APR 5, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE